**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| GARY WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-02737-MSN-atc |
| | ) | |
| WARDEN, FCI MEMPHIS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE
§ 2241 PETITION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN
GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON
APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner Gary West, Bureau of Prisons register # 14422-076, an inmate who, at the time he commenced this action, was confined at the Federal Correctional Institution - Memphis located in Memphis, Tennessee. (ECF No. 1 at PageID 1.) Respondent Warden Harrison filed a Motion to Dismiss or in the Alternative, for Summary Judgment, and Supporting Memorandum of Law on April 16, 2025. (ECF No. 10, "Motion to Dismiss.") Petitioner did not file a response to the Motion to Dismiss, and the time for doing so has expired. (*See* ECF No. 6.)

For the reasons that follow, the Respondent's Motion to Dismiss (ECF No. 10) is **GRANTED**, and the § 2241 Petition (ECF No. 1) is **DISMISSED**.

## BACKGROUND

After a jury trial, Petitioner was found guilty and convicted in the United States District Court for the Western District of Tennessee of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*United States v. West*, No. 2:06-cr-20123 (W.D. Tenn.), ECF No. 124.) On October 7, 2008, Petitioner was sentenced to a total aggregate sentence of 245 months of imprisonment, followed by a four-year term of supervised release. (*Id*. at Page 1344–45.) On November 10, 2008, Petitioner appealed. (*Id.*, ECF No. 126.) The Sixth Circuit affirmed the district court's ruling on April 6, 2010. *United States v. West*, 371 F. App'x 625 (6th Cir. 2010), *cert. denied,* 562 U.S. 918 (2010).

On October 6, 2011, Petitioner filed a § 2255 Motion in the United States District Court for the Western District of Tennessee, alleging various trial errors and challenges to the jurisdiction of the federal courts. (*West v. United States*, No. 2:11-cv-02888 (W.D. Tenn.), ECF Nos. 1 & 14.) On November 6, 2013, a Response in Opposition to Petitioner's § 2255 Motion was filed. (*Id.*, ECF No. 16.) On March 12, 2015, the district court denied the motion. (*Id.*, ECF No. 25 at PageID 332.) On July 13, 2016, the Sixth Circuit denied Petitioner's application for a certificate of appealability and second motion to proceed *in forma pauperis*. (*Id.*, ECF No. 29.) On October 12, 2016, the Sixth Circuit denied Petitioner's request for the district court to consider a second or successive § 2255 motion. (*Id.*, ECF No. 30.)

On April 22, 2020, Petitioner filed a motion for compassionate release. (No. 2:06-cr-20123 (W.D. Tenn.), ECF No. 160.) On July 31, 2020, the district court denied his motion. (*Id.*, ECF No. 162 at PageID 1591.) Between November 23, 2015, and October 2, 2024, Petitioner filed

motions requesting: (1) appointment of counsel in light of *Johnson v. United States*, 576 U.S. 591 (2015); (2) modification of sentence under Rule 52(b) and U.S.S.G. 2K2.4 amendments 599 and 600; (3) an amended motion under 18 U.S.C. § 3582(c)(2); (4) retroactive application of the sentencing guidelines for crack cocaine offenses; and (5) clarification of his sentence concerning First Step Act time credits. (*Id.*, ECF Nos. 144, 146, 147, 157 & 163.)  On July 11, 2025, the district court denied these motions. (*Id.*, ECF No. 164 at PageID 1604.)

Petitioner filed the instant § 2241 Petition on October 2, 2024.  (ECF No. 1.)  Petitioner alleges that the Bureau of Prisons ("BOP") has failed to award him earned time credits under the First Step Act ("FSA") after his 924(c) term of imprisonment was completed. (ECF No. 1 at PageID 6.)  According to Petitioner, under *United States v. Gonzales*, 520 U.S. 1 (1997), he is entitled to FSA credits for time served after the completion of the 924(c) term of imprisonment. (ECF No. 1. at PageID 6.)

On April 16, 2025, Respondent filed a Motion to Dismiss the § 2241 Petition, or alternatively, a Motion for Summary Judgment.[1]  (ECF No. 10.)  Respondent's Motion to Dismiss is supported by the Declaration of Robin Eads, a Paralegal for the BOP with access to official records for BOP inmates, including Petitioner's Administrative Remedy History, which is also attached.  (ECF Nos. 10-1, 10-3.)

Respondent first argues that this Court should dismiss the § 2241 Petition based on Petitioner's failure to exhaust his administrative remedies with the BOP.  (ECF No. 10 at PageID 22–24.)  Second, Respondent argues that the § 2241 Petition should also be denied because the

---

[1] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

BOP has properly classified Petitioner as ineligible for the FSA program due to his preclusion under 18 U.S.C. § 3632(d)(4)(D).  (*Id*. at PageID 24–28.)

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party.  *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when evaluating a motion to dismiss under Rule 12(b)(6).  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241

petition.  *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted.").  The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[2]  *See* 28 C.F.R. § 542.10, *et seq.* "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."  *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (internal quotation marks and citation omitted).

A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).  Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable."  *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotation marks and citations omitted).  A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so."  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

---

[2] Under the BOP's tiered process, an inmate must first attempt to resolve his matter of concern informally with prison staff.  28 C.F.R. § 542.13(a).  If informal resolution is not possible, the inmate may file a formal written Administrative Remedy Request with the facility's warden within 20 days of the incident forming the basis of the request.  28 C.F.R. § 542.14(a).  If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within 20 days of the date the warden signed the response.  28 C.F.R. § 542.15(a).  If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within 30 days of the regional director's signed response.  *Id*.  This appeal is the final level of administrative review.  *Id*.

Respondent argues that the § 2241 Petition should be dismissed for Petitioner's failure to exhaust his administrative remedies. (ECF No. 10 at PageID 22–24.) In her declaration, Eads asserts that Petitioner filed twelve administrative grievances while in BOP custody, two of which related to Petitioner's eligibility for FSA earned time credits. (ECF No. 10-1 at PageID 31.) These two grievances requested FSA earned time credits for the time served after the term of his 924(c) conviction—the issue raised in the instant § 2241 Petition. (ECF Nos. 10-1 PageID 31–32; ECF No. 10-4 at PageID 51–54.) Eads declares that both requests were denied and that Petitioner failed to appeal those denials to the Office of General Counsel. (ECF No. 10-1 at PageID 31–32.)

Petitioner does not acknowledge his failure to exhaust his administrative remedies but states that his request went unanswered. (ECF No. 1 at PageID 5.) Petitioner's position is not compelling. The two requests concerning FSA credits were denied. (ECF No. 10-1 at PageID 31-32; ECF No. 10-3 at PageID 48; ECF No. 10-4 at PageID 51, 53.) Even if Petitioner had not received a response to his requests, the Code of Federal Regulations provides that the absence of a response is considered a denial at that level. 28 C.F.R. § 542.18. Either way, the result is that Petitioner has failed to exhaust his administrative remedies with respect to the claim raised in the § 2241 Petition, and he has not shown that exhaustion would be futile. See *Fazzini*, 473 F.3d at 236.

Other district courts in the Sixth Circuit have summarily dismissed § 2241 petitions challenging the denial of FSA credits where the prisoner failed to exhaust administrative remedies. *See, e.g., Peete v. United States*, No. 2:23-CV-10137, 2023 WL 2472623, at *2 (E.D. Mich. Feb. 13, 2023); *Dyer v. Fulgam*, No. 1:21-CV-104, 2021 WL 3673825, at *2 (E.D. Tenn. Aug. 18, 2021). Petitioner did not comply with the BOP's administrative remedy process prior to filing his

6

case in federal court, therefore, his § 2241 Petition must be **DISMISSED**.[3]  *See Little*, 638 F.2d at 953–54.

## **CONCLUSION**

The Motion to Dismiss (ECF No. 10) is **GRANTED** and the § 2241 Petition (ECF No. 1) is **DISMISSED**.  Judgment shall be entered for Respondent.

## **APPELLATE ISSUES**

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

---

[3] Because Petitioner's failure to exhaust his administrative remedies is dispositive, the Court declines to address Respondent's alternative argument that the § 2241 Petition should be denied on the merits because Petitioner is statutorily ineligible to earn FSA time credits pursuant to 18 U.S.C. § 3632(d)(4)(D)(xxii).  (*See* ECF No. 10 at PageID 24–28.)

7

Because Petitioner is not entitled to relief and has failed to exhaust his administrative remedies, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 26th day of March, 2026.

*s/ Mark S. Norris*
_____
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE